**Karl P. PIOTROWSKI, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–833.

United States Court of Veterans Appeals.

Jan. 19, 1996.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On October 6, 1995, the Court ordered that the Secretary file a memorandum addressing whether VA could have independently approved the course of education for which the appellant seeks reimbursement. The Secretary filed his memorandum on November 6, 1995, and the appellant responded on December 8, 1995.

In his memorandum, the Secretary stated: "The Secretary of Veterans Affairs shall be deemed to be the State approving agency for a State only if the State 'fails or declines to create or designate a State approving agency, or fails to enter into an agreement for reimbursement of expenses by VA under 38 U.S.C. § 3674(a).'" Memorandum at 3 (quoting 38 U.S.C. § 3671(b)). The Secretary further stated that there were two exceptions, but neither of them applies to the facts of this case. Memorandum at 4; *see* 38 U.S.C. § 3672(b), (c). However, the Secretary failed to explain how 38 C.F.R. § 21.4152(b)(5) (1995) relates to this case, and whether or not VA was authorized by any of the relevant statutory provisions to promulgate § 21.4152(b)(5). That regulation provides that even when a State has a State approving agency, VA retains authority "[t]o disapprove schools or courses for reasons stated in the law and to approve schools or courses notwithstanding lack of State approval."

In consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the Secretary file, and serve upon the appellant, a memorandum addressing the impact of § 21.4152(b)(5) on this case and whether the regulation is authorized by any statutory provision. It is further

ORDERED that the appellant may respond to the Secretary's memorandum within 30 days after service thereof. The Court invites interested amici curiae to respond to this Secretary's memorandum within the time allowed for the appellant to do so.